## RIKER v. CURTIS.

(City Court of New York, General Term. March 16, 1896.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.
    A verdict on conflicting evidence will not be disturbed.

Appeal from trial term.

Action by Fillmore Riker against James L. Curtis. From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, CONLAN, and O'DWYER, JJ.

E. A. S. Man, for appellant.

Edgar A. Turrell, for respondent.

O'DWYER, J.    The action is brought to recover the amount of two alleged loans to the defendant, and the claim is resisted upon the ground that the moneys in question were not received by the defendant as a loan, but in payment for the sale of a certain claim; and, further, that, if the transaction was a loan, then the claim is barred by the statute of limitations.    The evidence was conflicting, and the learned court, in a charge as favorable to the defendant as he could ask, submitted both questions to the jury for determination.    There is evidence to sustain their verdict for the plaintiff, and, in our opinion, the evidence is preponderatingly in favor of the finding of the jury.

There are no exceptions that require discussion, and the judgment and order appealed from should be affirmed, with costs.    All concur.

---

## TROY CARRIAGE WORKS v. MUXLOW.

(City Court of New York, General Term.    January 28, 1896.)

REPLEVIN—DEFENDANT'S BOND—JUSTIFICATION—ADJOURNMENT.
    Code Civ. Proc. §§ 580, 1705, providing that examination of sureties, on bonds in replevin, for purpose of justification, may be adjourned, but such adjournment must always be to the next judicial day, unless by consent of the parties, does not prevent a longer adjournment, where it is not for continuance of examination of any surety which has been commenced, but to enable a party to procure the attendance of his sureties, or substitute new sureties and have them present for examination.

Appeal from special term.

Replevin by the Troy Carriage Works against Herbert H. Muxlow.    From an order denying plaintiff's motion for an order directing the sheriff to deliver to plaintiff the chattel replevied, because defendant's sureties on his bond, given under Code Civ. Proc. § 1704, to reclaim the chattel, had not justified as required by law, plaintiff appeals.    Affirmed.

On October 29, 1895, after examination of one of defendant's sureties, further examination was adjourned, by consent of parties, to November 7, 1895, at 10 a. m.    On November 7, 1895, defendant's attorney gave notice of

his engagement in court, and asked that the matter be held till 11 a. m. Whereupon the court made the following order: "Defendant granted until November 9th, 10 a. m., to give new bond, and to have sureties present for justification." Whereupon plaintiff made his motion that the sheriff be directed to deliver to him the replevied article, claiming that the court was without authority to make the order of November 7th, and that the adjournment could not be made to a later date than November 8th, the next judicial day; it being provided by Code Civ. Proc. § 1705, that "the provisions regulating the justification of bail contained in article third of title first of chapter seventh of this act, govern, except as otherwise expressly prescribed in this article, with respect to the notice of justification of the sureties, the officer before whom they must justify, the substitution of new sureties or a new undertaking, the examination and qualifications of the sureties, and the allowance of the undertaking"; and it being provided by Code Civ. Proc. § 580, that "for the purpose of justification, each of the bail must attend before the judge, at the time and place mentioned in the notice, and be examined on oath, on the part of the plaintiff, touching his sufficiency, in such manner as the judge. in his discretion, thinks proper. The judge may, in his discretion, adjourn the examination from day to day, until it is completed; but such an adjournment must always be to the next judicial day, unless by consent of the parties."

The following opinion was rendered at special term by Mr. Justice BOTTY:

"The proceedings were adjourned, not for the continuance of the examination of any surety which had been commenced, but to enable the defendant to procure the attendance of his sureties, or substitute new sureties and have them present for examination. Motion is therefore denied, but the new sureties must attend for justification on two days' notice after service of notice of demand for such justification by plaintiff's attorney."

Argued before FITZSIMONS and CONLAN, JJ.

Thomson & Allen (James J. Allen, of counsel), for appellant. W. H. Newman, for respondent.

PER CURIAM. The order appealed from is affirmed, with costs, upon the opinion of the special term justice who made said order.